.

BRUCE W. NICKERSON, C.B.N. 90760
231 Manor Drive
San Carlos, CA 94070
Tel: (650) 594-0195

Attorney for JOHN DOE and the Plaintiff Class

## IN THE UNITED STATES DISTRICT COURT FOR

## THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN DOE, individually and on behalf of a Class of Persons similarly situated,<br><br>     Plaintiffs,<br><br>     vs.<br><br>CALIFORNIA HIGHWAY PATROL, SGT. PAUL MCCARTHY, OFFICER BRIAN BARCKELY, and DOES I through X, inclusive,<br><br>     Defendants. | Case No. 20-5203<br><br>**CLASS ACTION COMPLAINT FOR FALSE ARREST AND DISCRIMINATORY ENFORCEMENT**<br><br>JURY TRIAL DEMANDED |

## <u>INTRODUCTION</u>

1.    This is a civil rights action for declaratory and injunctive relief and damages

brought pursuant to 42 U.S.C. Sections 1983, 1985 and 1988, 18 U.S.C. 1961 et seq., the

First, Fourth, and Fourteenth Amendments to the United States constitution, and the

Commerce Clause. The Complaint seeks redress from one or more of the Defendants due

to their: (i) arbitrary and unlawful discrimination on the basis of perceived sexual orientation; (ii) arbitrary and unlawful discrimination on the basis of gender; (iii) practice of arbitrarily, unlawfully and maliciously enforcing the law in a discriminatory manner against the named Plaintiff and other similarly situated individuals; (iv) practice of arbitrarily, unlawfully and maliciously harassing, targeting for arrest and/or arresting the named Plaintiff and other similarly situated individuals without probable cause; (v) practice of arbitrarily, unlawfully and maliciously violating the named Plaintiff and other similarly situated individuals' right to freedom of speech, expression, association, and (vi) practice of arbitrarily, unlawfully and maliciously violating the named plaintiff's and other similarly situated individuals' right to equal protection under the law.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction of this action under 28 U.S.C. § 1331 and 1343. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the acts and/or omissions complained of occurred in the Northern District of California and the acts described took place within the Northern District of California.

3.      The amount in controversy herein, excluding interest and costs, exceeds the minimum jurisdictional limit of this Court.

.

## **PARTIES**

1

4.    Named Plaintiff JOHN DOE was at all relevant times a resident of the City of

2

3

San Jose, County of Santa Clara, California.

4

5.    The above named plaintiff seeks to represent a class of individuals

5

(hereinafter, the "Plaintiff Class"), which is defined and described in further detail at

6

7

paragraph 15 below.

8

6.    Defendant CALIFORNIA HIGHWAY PATROL (hereinafter CHP) is a

9

statewide law enforcement agency who employs the other defendant in this action.

10

7.    Defendant SGT. PAUL MCCARTHY is the Supervisor of the Redwood City

11

12

Branch of the CHP and at all time herein mentioned supervised the other individual

13

defendant. He is sued in his individual and official capacity.

14

8.    Defendant OFFICER BRIAN BARCKLAY is an officer of the CHP, works out

15

of the Redwood City Branch and is sued in his individual and official capacity.

16

17

9.    Plaintiffs are informed and believe and thereon allege that each of the

18

Defendants sued herein was negligently, wrongfully or otherwise responsible in some

19

manner for the events and happenings as hereinafter described, and proximately caused

20

injuries and damages to Plaintiffs and members of the Plaintiff Class.

21

10.    Plaintiffs are informed and believe and thereon allege that each of the

22

23

Defendants was at all relevant times an agent, servant, employee, partner, joint venturer,

24

co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things

25

herein alleged, was acting within the course and scope of that relationship. Plaintiffs are

26

further informed and believe and thereon allege that each of the Defendants herein gave

27

28

consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter otherwise specifically alleged.

11.    At all relevant times, each Defendant was jointly engaged in tortious activity, resulting in the deprivation of Plaintiffs' and members of the Plaintiff Class' constitutional rights and other harm. At all relevant times, each Defendant acted under color of the laws, statutes, ordinances, policies, practices, customs, and usages of the State of California, and the CHP.

## PLAINTIFF CLASS ALLEGATIONS

12.    The named Plaintiff and putative class representative bring this class action for declaratory and injunctive relief and damages on his own behalf and on behalf of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure. Plaintiff is a member of the class of persons whose members have been harmed by the specific allegations which are set forth infra in paragraph 15.

13.    The Plaintiff Class consists of all men who have been falsely ticketed for parking after dark in certain Rest Stops along Interstate 280, because they are perceived to be interested in meeting in public, men interested in non-monetary intimate association with other men.

A. The membership of the defined class is so numerous that joinder of all members is impractical. On information and belief, there are hundreds of men who have been illegally ticketed since 1996 for Parking violations of California law by the CHP

.

because they were perceived to be interested in meeting in public, men interested in non-monetary intimate association with other men.

   B. There are questions of law and fact common to the class, and those questions predominate over questions affecting individual class members. Those common questions include: whether one or more of the Defendants have violated the United States Constitution, the California Constitution and California Statutory law by: (i) targeting areas believed to be frequented by men, who are perceived to be interested in meeting, in public, men interested in intimate association with other men, for the purpose of discouraging these men from these areas and/or arresting them; (ii) effecting false arrests of men, including men who did not violate any law but who are perceived to be interested in meeting, in public, men interested in non-monetary intimate association with other men; (iii) publicizing the targeting and arrests of men who are perceived to be interested in meeting, in public, men interested in non-monetary intimate association with other men; and (iv) inadequately or improperly training CHP officers and sending them into areas known or assumed to be frequented by men who are perceived to be interested in meeting, in public, men interested in non-monetary intimate association with other men, with the unlawful objective of violating their rights pursuant to California law as well as their constitutionally protected rights to freedom of speech, expression, and association, to be free from unlawful search and seizure, to privacy and to equal protection.

   C. The claims of the named Plaintiff and putative class representative is typical of the claims of the Plaintiff Class, since the named Plaintiff: (i) was perceived by one or more CHP officers to be interested in meeting, in public, men interested in non-

.

monetary intimate association with other men; (ii) was in or near a location targeted by CHP officers because it is believed to be an area frequented by men interested in meeting, in public, men interested in non-monetary intimate association with other men; (iii) did not engage in any unlawful act in violation of federal, state, or municipal law; and (iv) was ticketed without a warrant and without probable cause even though he had committed no criminal act.

D. Thus the named plaintiff will uniquely and fairly represent and adequately protect the interests of the Plaintiff Class, and will do so vigorously and zealously. The named Plaintiff has no interests antagonistic to the Plaintiff Class; he seeks relief which will benefit all members of the Plaintiff Class, and he is represented by counsel who is competent and experienced in civil rights litigation.

E. The Defendants, by establishing, maintaining, encouraging, allowing and/or ratifying the practices alleged in this complaint, have acted on grounds generally applicable to the Plaintiff Class and, as a result, declaratory and injunctive relief with respect to the Plaintiff Class is appropriate.

F. Prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to class members which would establish incompatible standards for parties opposing the class, and Defendants have acted or refused to act on grounds generally applicable to the class and its members, and class questions predominate with respect to the class.

G. Therefore these actions are maintainable under F.R. Civ. P. Rule 23(a), (b)(1)(A), (B)(1), (2), and (3).

.

H. The nature of the notice to be provided to class members would be determined by the court.

## **FACTUAL ALLEGATIONS**

14.    The CALIFORNIA HIGHWAY PATROL and SGT. PAUL MCCARTHY have established, maintained, encouraged, allowed and/or ratified a custom, practice or policy of: (i) targeting areas believed to be frequented by men who are perceived to be interested in meeting, in rest areas, men interested in non-monetary intimate association with other men, for the purpose of harassing these men and interfering with their rights of speech, privacy, expression, association and equal protection; (ii) falsely arresting men who are perceived to be interested in meeting, in rest areas, men interested in non-monetary intimate association with other men, without warrants and with probable cause and accusing them of engaging in criminal activity even though no criminal activity was engaged in; (iii) treating individuals differently based on their gender and/or perceived sexual orientation; and (iv) failing to adequately train, supervise, instruct, monitor, and discipline Highway Patrol Officers.

15.    These defendants have established, maintained, encouraged, allowed, and/or ratified the above custom, practice or policy with the tacit understanding that it would promote the unconstitutional and illegal goal of reducing the number of men who are interested in meeting in rest areas, men interested in non-monetary intimate association with other men from meeting one another in rest areas in San Mateo County particularly those along Interstate 280.

.

## Allegations Pertaining to Named Plaintiff and Putative Class Representative JOHN DOE

16.     Pursuant to the practice or policy set forth above, Plaintiff DOE was subjected to a course of conduct as described below.

17.     On October 24, 2018, around 6:15 a.m., Plaintiff DOE was sitting in his parked car at a rest stop on the East side of Interstate 280.

18.     Plaintiff was resting having driven from his home in San Jose, on his way to his office in San Francisco. Plaintiff frequently stopped at that rest area because it was a convenient place to rest situated half-way between his home and his office.

19.     Plaintiff exited his vehicle, walked round, and checked his email. After a few minutes a CHP vehicle driven by Defendant BRIAN BARCKLAY arrived at the rest atop and began ticketing vehicles.

20.     All of the drivers of these vehicles were single men.

21.     Plaintiff attempted to leave but was told to get in his car and wait. Plaintiff did as directed and was given a ticket for parking after dark in violation of Vehicle Code § 22520.6.

22.     A week later Plaintiff received a notice from the court that there was an error in the ticket. The code section cited was incorrect.  The correct code was" Superior Court no." (illegible). There was also a new court date.

23.     Plaintiff appeared at the new date and ultimately set the matter for trial on two grounds: 1. The arrests were discriminatory in that no women or drivers with families

.

were ever ticketed; and 2. The statute violated the California Constitution because it prohibited an activity specifically endorsed by the legislature and thus violated the Supremacy Clause of the California Constitution.

24.    Accordingly Plaintiff filed a motion to dismiss on these grounds. On September 23, 2019 the Superior Court, Traffic Division, dismissed the violation.

25.    Plaintiff now brings this lawsuit on his behalf and on behalf of others similarly situated who have been ticketed falsely since the ordinance was passed in 1996.

26.    Plaintiff demands a jury trial.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION, FALSE ARREST

42.U.S.C.1983

4th, 14th Amendment

27.    Plaintiffs re-allege and incorporate herein by reference the allegations in paragraphs 1 through 26, above.

28.    When Defendant Officer BARCKLEY ticketed Plaintiff for parking after dark at a rest area that the legislature had determined to be a place for resting, he made a false arrest because the ordinance prohibiting after dark parking was unconstitutional under the Supremacy Clause of the California Constitution.

29.    At all relevant times Officer BARCKLEY was under the supervision of defendant PAUL MCCARTHY who promulgated the unconstitutional arrest.

.

30.     As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiff was compelled to expend money all to his damage in an amount according to proof.

31.     As a proximate result of the acts of Defendants, and each of them, Plaintiff has suffered damage to his reputation as well as shame, humiliation and embarrassment in the community.

**SECOND CAUSE OF ACTION, DISCRIMINATORY ARREST**

<u>42.U.S.C.1983</u>

<u>14th Amendment</u>

32.     Plaintiffs re-allege and incorporate by reference herein the allegations of paragraphs 1 through 31, above.

33.     When Defendant Officer BARCKLEY ticketed Plaintiff for parking after dark at a rest area that the legislature had determined to be a place for resting, he violated Plaintiffs' right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution in that Defendants, and each of them, only targeted men who were perceived to be interested in meeting, in public, men who were interested in non-monetary, intimate association with other men and ignored women and persons with families who were parking after dark as held in *Baluyut V. Superior Court*, (1996) 12 Cal. 4th 826.

.

34.     As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiff was compelled to expend money all to his damage in an amount according to proof.

35.     As a proximate result of the acts of Defendants, and each of them, Plaintiff has suffered damage to his reputation as well as shame, humiliation and embarrassment in the community.

## THIRD CAUSE OF ACTION, MONELL CLAIM

### 42.U.S.C.1983

### Policy and Custom

36.     Plaintiffs re-allege and incorporate by reference herein the allegations in paragraphs 1 through 35, above.

37.     The Highway Patrol and SGT. PAUL MCCARTHY have, under color of law, violated Plaintiffs' rights, privileges and immunities secured by the United States Constitution in violation of Section 1983 of Title 42 of the United States Code.

38.     The above described customs, practices and policies demonstrate a deliberate indifference on the part of the Defendants, and each of them, to the constitutional rights of persons who park along Highway Interstate 280 within the County of San Mateo, and were the cause of the violations of Plaintiff's rights alleged herein.

39.     During all relevant times, one or more of the Defendants, and particularly Defendant SGT. PAUL MCCARTHY established, maintained, encouraged, allowed and/or ratified a custom, practice or policy of providing inadequate training, supervision,

.

instruction, oversight, and discipline to Highway Patrol Officers, including those mentioned above, thereby failing to adequately discourage constitutional violations and tacitly agreeing to violate Plaintiffs' constitutional rights.

40.    The above described customs, practices and policies demonstrate a deliberate indifference on the part of Defendants, and each of them, and particularly Defendant SGT. PAUL MCCARTHY to the constitutional rights of persons who park along Highway Interstate 280 within the County of San Mateo, and were the cause of the violations of Plaintiffs' rights alleged herein.

41.    Plaintiffs were unlawfully seized, ticketed/detained by Defendants without warrant, order, commitment, or any other legal authority as Plaintiffs had not committed any crime or public offence.

42.    The conduct as alleged above is ongoing, creating the likelihood of future injuries to Plaintiffs, and the Plaintiff class.

43.    Since Plaintiffs and the Plaintiff Class legally are entitled to park overnight at rest stops along Interstate 280 in San Mateo County where Defendant Highway Patrol officers engage in the activities described above, they face imminent danger of further arrest and harassment as alleged above.

44.    As a proximate result of the acts of Defendants, and each of them, as herein alleged, Plaintiffs and members of the Plaintiff class were compelled to expend money all to their damage in an amount according to proof.

.

45.     As a proximate result of the acts of Defendants, and each of them, Plaintiffs and members of the Plaintiff Class have suffered damage to their reputation as well as shame, humiliation and embarrassment in the community.

**WHEREFORE,** Plaintiffs and the Plaintiff Class request that this Court:

A. Issue a declaratory judgment that the customs, practices, policies, and acts described in this Complaint violate the Fourth and Fourteenth Amendments to the United States Constitution.

B. Grant permanent injunctive relief enjoining Defendants from enforcing laws in a discriminatory manner by targeting, harassing, and/or arresting men because they are perceived to desire, seek, and/or engage in non-monetary intimate association with members of the same sex;

C. Award Plaintiffs and the Plaintiff Class one million ($1,000,000.00) compensatory damages against Defendants, jointly and severally, for violations of Federal Law as set forth above;

D. Award Plaintiffs their costs, expenses, and reasonable attorney's fees pursuant to 42 U.S.C. § 1988;

E. And award such further relief as the court may deem just and proper.


Dated: June 25, 2020                    ss Bruce W. Nickerson